The rule was oppofed by
 
 Dallas
 
 and
 
 MíKean-,
 
 and the opinion of the court in the abfence of the Chief Justice, was delivered by
 

 Shitpen, Joffice.
 

 The prefent is the firft inftance, that we recoliefl:, of an application of this kind in
 
 Pennfyluania-,
 
 and on opening jthe cafe, .it ftrock us to be within the ioth feftion of the 9th Article of the Co!)ftitution,’whichdeclares,.“ thatno “ pcifon ftiall for any indiiSable offence, be proceeded againft “ criminally by information,” except in-cafes that ara not in-
 
 *491
 
 yolved In the prefent motion. But, on conftderation, it is evident, that the Conftitution refers to information?, as a form of profecution, to punida ar> offender, without the intervention .of a grand jury; whereas an information, in the nature of a writ of
 
 quo
 
 warranto, is applied to the mere p.urpofes of trying a civil right and oufting the wrongful poffcilbr of an office
 
 *
 
 .
 

 Since, therefore, there is fome evidence (however flight) of improper condufl, wc do not think, that it would be right to efufean opportunity for a jury(who are the legal judges of the weight of evidence) to determine, whether it is funicient to vitiate the Defendant’s appointment of County Treafurer.
 

 And, at the fame time, the points of law, that have been fug-gefted, may be maturely coniidered and decided.
 

 The rule made abfolute
 
 †
 
 .
 

 *
 

 See 3
 
 m. Om.
 
 263.
 

 †
 

 For the laws relating to Couatv Trea-fuiws, Which -were cite.'l in the courfe of the argument, See
 
 Balt.
 
 Edil. 1
 
 Vot.
 
 -21.3.27. 2 ⅜*. .-up ,5
 
 ft-./. ~5o. ■